UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-10118-CV-DIMITROULEAS

WILLIAM L. PRINGLE,

    Plaintiff,

v.

DR. CANER,

    Defendants.
_____/

## ORDER ON SCREENING AMENDED COMPLAINT

After the Court dismissed his Complaint, Plaintiff has filed an Amended Complaint under 42 U.S.C. § 1983. [DE 11]. The Amended Complaint, like the initial Complaint, contains few specific factual allegations but alleges that the level of dental care Plaintiff received rose to the level of a violation of his constitutional rights. As discussed below, the complaint is due to be DISMISSED without prejudice.

### I.    Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or

1

> (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to the Plaintiff. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

Plaintiff has named a single Defendant, Dr. Caner. Plaintiff claims to have a serious medical condition. (Am. Compl. at 2.) He alleges that he suffers "extreme dental pain accompanied by headaches, difficulty chewing, breathing, [and] sleeping." (*Id*.) Plaintiff has been asking for medical help for six months. (*Id*.) Two months ago he was seen by an unnamed dentist who said

he required surgery. (*Id*.) The dentist started him on antibiotics and said they would take x-rays. (*Id*.) Plaintiff was seen by Dr. Moise Johnson on January 9, 2024. (*Id*. at 5.) According to Plaintiff, Dr. Johnson "was very nice and did a great job." (*Id*.) Plaintiff acknowledges treatment has started. (*Id*.)

In addition to the allegations in the Complaint, Plaintiff has attached submitted an unsworn letter to the Court presenting additional factual allegations. Plaintiff began a sentence in the Monroe County Jail on July 13, 2023. (DE 11 at 6.) He had submitted a request for a dental exam shortly before sentencing. (*Id*.) Four months later he was seen for a dental exam. (*Id*.) He was prescribed antibiotics, pain relievers, and a special diet because of his difficulty chewing. (*Id*.) Dr. Caner prescribed tums and a stool softener. (*Id*.) Dr. Caner renewed the prescriptions when they expired. (*Id*.)

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

It is clear from the allegations that Dr. Planer was not deliberately indifferent to Plaintiff's serious medical condition. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan, 511 U.S. 825,* 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To prevail on a claim of deliberate indifference to medical needs, a plaintiff must

demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See id.* at 104–05; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and quotation marks omitted). Under the subjective component, the prisoner must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer*, 511 U.S. at 834.

The allegations are insufficient to establish a constitutional violation by Dr. Caner. As alleged by Plaintiff, Dr. Caner has provided medical care and treatment. A difference in opinion regarding a course of treatment does not arise to the level of a constitutional claim of deliberate indifference to a serious medical need. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991). "Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

4

fundamental fairness." *Id*. (quotation marks omitted). "[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir.1995) Here, Plaintiff was seen by Dr. Caner and provided medical care to treat his dental issues. Although Plaintiff may disagree with the treatment provided, the allegations do not show that Dr. Caner was deliberately indifferent to Plaintiff's medical condition. Accordingly, the Court finds that Plaintiff has failed to state claim upon which relief can be granted as to the treatment provided dental problems.

It is well settled that a court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, a *pro se* plaintiff must be given at least one chance to amend his complaint before the court dismisses it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). Plaintiff was granted an opportunity amend but has once again failed to state a claim upon which relief can be granted.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows that:

1. The complaint is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(B)(2) for failure to state a claim upon which relief can be granted.
2. The Motion to Proceed In Forma Pauperis [DE 10] is **DENIED** as **MOOT**.
3. The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff at his address of record and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of February 2024.

.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
William Lawrence Pringle
0301280301
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
PRO SE